ARTEMUS McNAIR et al v. J. T. POPE et al.

*Receiver — Financial   Judgment — Agricultural   Lien — Intervener—Disposition of Rents in hands of Receiver.*

Pending an action to enforce a parol trust in certain lands, finally determined in defendants' favor, a receiver was appointed, who collected the rents for 1886, 1887 and 1888.   On January 1, 1886, preceding such appointment, the plaintiff, then in *possession of said land, claiming it as his own,* executed an agricultural lien to secure advances to be made during that year : *Held—*

1. That, although defendants recovered judgment for the land, yet, as no order for the disposition of the rents had been made, the cause was still for that purpose, and the lienees were entitled to intervene and be paid out of the rent of 1886 for advances made up to the appointment of the receiver.

2. That, as the lien did not cover the products of 1887 and 1888, the rents for these years should be paid to defendants.

3. The *circumstances* under which any after advances were made should be reported to the Court, so that it may see whether the lienees are entitled to be paid for them.

This was an APPEAL from the rulings of his Honor, *Philips, J.,* at ROBESON Superior Court, May Term, 1888.

The object of this action was to enforce an alleged parol trust, and the issues were decided adversely to the plaintiffs, and it was adjudged that the defendants were the owners and entitled to the possession of the land in controversy. *McNair* v. *Pope,* 100 N. C., 404.   Pending the action at

Spring Term, 1886, William Stubbs was appointed " receiver of the rents and profits and issues of said land, with the usual power vested in receivers in like cases " (*McNair* v. *Pope*, 96 N. C., 502), and the said receiver entered upon the performance of his duties. On January 1, of the same year (1886) the plaintiffs, being in possession of the land, executed an agricultural lien to A. & W. McQueen, who made advances to them during the said year.

The receiver has made the following report :

" The undersigned receiver, who · has heretofore been appointed, by a decree in this cause, to take charge of the lands described in the pleadings in this cause, would respectfully report that he has received and disbursed as follows, on account of the rents and profits, viz:

1886.

| | | | |
|---|---|---:|---:|
| Nov. 16. | Collected as per statement filed | $641 | 72 |
| | Expended in collecting | 141 | 86 |
| | Balance | $499 | 86 |
| 1887. | | | |
| Nov. 1. | Rent received | 100 | 00 |
| 1888. | | | |
| May 21. | Rent note | 175 | 00 |
| | | $774 | 86 |
| | Paid attorney | 20 | 00 |
| | | $754 | 86 |

" Your receiver would, therefore, report that he has $589.86 cash on hand and a note for $175 as a rent note, and he has received nothing for his services, and, therefore, prays for directions as to whom to turn over the funds on hand, for his discharge, and for an allowance for his services.

" WILLIAM STUBBS."

The following judgment was rendered:

"This cause, coming on to be heard, &c., it is considered, adjudged and decreed by the Court that the said A. & W. McQueen be allowed to come in and make themselves party defendants in this cause, and this cause be referred to the Clerk of this Court to ascertain what amount, if any, was advanced by the said A. & W. McQueen to the said Artemus McNair and Jonathan McNair under the agricultural lien executed by the said Artemus and Jonathan McNair to the said A & W. McQueen, January 1, 1886, and what amount, if any, is now due for said advancement.

"The defendant A. H. McLeod moved for judgment for the possession of the land and directing the receiver to pay over to him the money in his hands. The Court adjudges that said McLeod recover possession of the land in accordance with the certificate of Supreme Court, but denies the motion directing the payment of the money in the hands of receiver to said McLeod."

Defendants except, and ask the Court to find the facts upon the motion in the cause, and to find the facts whether, or not, at the time of the execution of the agricultural lien, the plaintiffs were the tenants of A. H. McLeod and how much they owed him for rents.

From the judgment of the Supreme Court affirming the judgment of this Court, and the records of the case, the Court declined to find any additional facts other than the affidavit of A. McQueen, which is filed and found to be true.

The defendants except. Appeal to the Supreme Court. Notice waived. Appeal bond in sum of $25 adjudged sufficient.

*Mr. F. A. McNeil,* and *Mr. W. F. French,* for the plaintiffs.
*Mr. William Black,* for defendants.

McNair v. Pope.

Shepherd, J.—after stating the facts: His Honor very properly allowed A. & W. McQueen, the agricultural lienees, to intervene and assert their alleged rights in the fund held by the receiver. It is true that there had been a final determination of the issues raised upon the pleadings, but no order had been made as to the rents which had been collected by the receiver, and so far as these were concerned, the cause was still open for further directions.

The order of reference to the Clerk, and the refusal of the Court to direct that the entire fund should be paid to the defendants, were correct. There was error, however, in withholding from the defendants the rents for the years 1887 and 1888. These should have been paid to the defendants, as the agricultural lienees can, in no aspect of the case, be entitled to any part of them, their lien only covering the products of the year 1886.

It appears from the record, and is conceded here, that the plaintiffs were in possession of the land, claiming it as their own, until the receiver entered. It is very clear that the lienees are entitled to be paid for any advances they may have made up to that time, and the amount of these will be ascertained by the Clerk under the order of reference.

If there were any advances after the action of the receiver, the circumstances under which they were made should be reported, so that the Court can determine whether the lienees are entitled to be paid for the same

Modified and affirmed.